**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:19CR00272 AGF/JMB |
| v. ) | No. 4:15CR99 AGF |
| ) | |
| **DEREK J. PETTY,** ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT PETTY'S MOTION FOR**
**RECONSIDERATION OF DETENTION ORDER**

Defendant Derek J. Petty ("Petty"), by and through undersigned counsel, respectfully moves this Court to consider whether to release Petty on bail pending resolution of this case notwithstanding the waiver of detention hearing this Court accepted within days of his arrest in this case and before he had the benefit of additional time and new legal counsel to establish that he is a good candidate for pretrial release.

**I.      Relevant Background**

On April 3, 2019, Petty was charged in a one-count indictment based on allegations that he and a co-defendant, Sierra Price ("Price") conspired to acquire and obtain prescription medications from a Schnucks pharmacy. (*See* Doc. 2).

Petty, who was charged in two cases—the pending indictment (4:19-CR-272-AGF-JMB) and a supervised release revocation petition based solely on the existence of the pending indictment (4:15-CR-99-AGF)—appeared before this Court on April 19, 2019, with his former counsel. On that date, this Court accepted a Waiver of Detention Hearing and ordered Petty detained pending resolution of these matters. (*See* Doc. 23).

1

## II.     The Waiver Form Is Not a Permanent Bar on Reconsideration

"Although a defendant may waive an immediate detention hearing, this waiver is not an absolute, final relinquishment of all rights under the Bail Reform Act. When a defendant who has waived an immediate detention hearing later requests a hearing, one must be held within the procedural requirements of section 3142." *United States v. Clark*, 865 F.2d 1433, 1437 (4th Cir. 1989). In this sense, Petty's "'waiver' of an immediate detention hearing can be viewed as a request for an indefinite continuance for good cause." *Id.* After initially waiving an immediate detention hearing, Petty, with the benefit of new counsel and additional time to meaningfully establish that he is a good candidate for pretrial release, respectfully requests a hearing so that a ruling on the merits, based on evidence, can be made.

Relatedly, the Bail Reform Act has been interpreted to apply to consideration of detention on the merits, without regard to procedural technicalities. For instance, the Supreme Court has held that where the timing mandates of the statute are not followed, a defendant is nevertheless not entitled to automatic release. *See United States v. Montalvo-Murillo*, 495 U.S. 711, 720 (1990) ("Automatic release contravenes the object of the statute, to provide fair bail procedures while protecting the safety of the public and assuring the appearance at trial of defendants found likely to flee"). Thus, if automatic release does not benefit a defendant prejudiced by the Government's failure to act swiftly for detention, automatic detention should not result solely because a defendant waived an immediate detention hearing within days of his arrest on this case.

Indeed, the Supreme Court has held, in no uncertain terms, that this Court maintains jurisdiction to immediately release anyone detained who should not be detained under the parameters of the statute. *Id.* at 721.

As such, this Court should provide Petty the opportunity to make his case for pretrial

release based on consideration of the statutory factors on the merits.

### III. This Court Should Hold a Detention Hearing to Determine, on the Merits, if Petty is a Risk of Flight or a Danger to the Community

The Bail Reform Act requires the pretrial release of a defendant "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). This act "favors the pretrial release of defendants." *United States v. Tapia*, 924 F. Supp. 2d 1093, 1096 (D.S.D. 2013). This Court "should resolve doubts about the propriety of release in the defendant's favor." *United States v. Chavez-Rivas*, 536 F. Supp. 2d 962, 965 (E.D. Wis. 2008).

Petty is neither a risk of flight nor a danger to the community. Since his release from custody, Petty complied with the terms of his supervised release; indeed, this is an unusual case because while a supervised release revocation petition is pending, the only basis for the pending revocation petition is the existence of the pending charge to which he has entered a plea of not guilty and for which the law presumes him innocent. In fact, as Petty is prepared to prove at a detention hearing, Petty was the poster-child of success for the Justine Petersen Foundation, a non-profit organization which has worked considerably with Petty while on supervised release. He maintained regular and consistent employment, built his credit score from 0 to 626 in a very short time period, and established business and volunteer opportunities which not only benefited him but which also benefited the community. If this Court grants this request for a hearing, Petty anticipates the testimony of executives and/or employees of the Justine Petersen Foundation, each of whom has personally observed Petty do all the right things while on supervised release.

Furthermore, while a detention hearing is generally not the time or the place to pre-litigate the underlying allegations in the pending case, Petty now has the benefit of discovery to further contest detention pending trial. The underlying allegations—even if this Court were to look beyond

the presumption of innocence—do not support the conclusion that no conditions or combination of conditions of pretrial release would reasonably assure Petty's appearance and reasonably protect the community.

### IV. Conclusion

Based on the foregoing, this Court should reconsider its order detaining Petty pending trial, which is based solely on a waiver of the detention hearing, and this Court should hold a detention hearing to determine whether the Government may prove he is a risk of flight or a danger to the community.

Respectfully submitted,

**Margulis Gelfand, LLC**

 */s/ Justin K. Gelfand*
JUSTIN K. GELFAND, #62265
8000 Maryland Ave., Ste. 420
St. Louis, MO 63105
Telephone: 314.390.0230
Facsimile: 314.485.2264
justin@margulisgelfand.com
ATTORNEY FOR DEFENDANT

**Certificate of Service**

I hereby certify that the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the Office of the United States Attorney.

Respectfully submitted,

**Margulis Gelfand, LLC**

 */s/ Justin K. Gelfand*
JUSTIN K. GELFAND, #62265
8000 Maryland Ave., Ste. 420
St. Louis, MO 63105
Telephone: 314.390.0230
Facsimile: 314.485.2264
justin@margulisgelfand.com
ATTORNEY FOR DEFENDANT